# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

MITSOU LAFORTUNE and
DAMOCLES LAFORTUNE,

    Plaintiffs,

v.                                     Case No. 3:17-cv-1397-J-32JBT

WELLS FARGO BANK N.A., as
trustee on behalf of the holder of the
Harborview mortgage loan trust
pass-through certificate, certificate
series 2007-1, SELECT
PORTFOLIO SERVICING INC.,
and ALBERTELLI LAW FIRM,

    Defendants.

## O R D E R

This case is before the Court on pro se Plaintiffs' "Verified Motion for Issuance of Emergency Temporary Restraining Order and Imposition to Permanent Injunction to Stay the Sale Scheduled for December 18, 2017" ("TRO") (Doc. 1). On August 16, 2017, the Circuit Court of the Fourth Judicial Circuit in and for Clay County, Florida entered a Final Judgment of Foreclosure against Plaintiffs. (Doc. 12 exhibit "A" in case 3:17-cv-1067). Plaintiffs seek a temporary restraining order and permanent injunction of the forced sale of their home, which is scheduled to occur on December 18, 2017. Although Plaintiffs

did not file a complaint with their TRO, they do have another case pending that appears to be of the same subject matter—Lafortune v. Wells Fargo Bank N.A. et. al., no. 3:17-cv-1067-J-32JBT. In that case, Defendants (who are also the Defendants in this action) filed a Motion to Dismiss on October 12, 2017. (Doc. 12 in case 3:17-cv-1067). On November 6, 2017, the Court issued an Order directing the plaintiffs to respond to the motion by November 27, 2017 or it would be deemed unopposed. (Doc. 15 in case 3:17-cv-1067). Plaintiffs did not respond.

A temporary restraining order can only be granted if the movant establishes: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

Here, Plaintiffs have not demonstrated a likelihood of success on the merits. Id. The thrust of Plaintiffs' arguments, in both the TRO and the complaint in case 3:17-cv-1067, is that Defendants do not have standing to enforce the note and engaged in unfair lending practices. (See Doc. 1 at 8–13; Doc. 1 in case 3:17-cv-1067 at 6–13). Unfortunately, because these are claims that should have been raised during the state court foreclosure action they cannot be asserted via a collateral attack here. See Baker v. Gen. Motors Corp.,

522 U.S. 222, 233 (1998) (holding that the Full Faith and Credit clause gives nationwide force to valid state court judgments); Lozman v. City of Riviera Beach, 713 F.3d 1066, 1074 (11th Cir. 2013) (stating that the preclusive effect of a state court judgment in federal court is determined by the rendering state's preclusion rules); Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co., 945 So. 2d 1216, 1235 (Fla. 2006) (stating that preclusion bars a subsequent action for "matters actually raised and determined in the original proceeding and also to matters which could have properly been raised and determined.").

Accordingly, it is hereby

**ORDERED:**

1. Plaintiffs' Verified Motion for Issuance of Emergency Temporary Restraining Order and Imposition to Permanent Injunction to Stay the Sale Scheduled for December 18, 2017 (Doc. 1) is **DENIED**.

2. This case is **DISMISSED without prejudice**.

3. The Clerk shall close the file.

**DONE AND ORDERED** in Jacksonville, Florida at 3:30 PM on this 15th day of December, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

jb

3

Copies:

Counsel of record
<u>Pro</u> <u>se</u> parties