# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

MITSOU LAFORTUNE and
DAMOCLES LAFORTUNE,

    Plaintiffs,

v.                                                         Case No. 3:17-cv-1397-J-32JBT

WELLS FARGO BANK N.A., as
trustee on behalf of the holder of the
Harborview mortgage loan trust
pass-through certificate, certificate
series 2007-1, SELECT
PORTFOLIO SERVICING INC.,
and ALBERTELLI LAW FIRM,

    Defendants.

_____

# **O R D E R**

This case is before the Court on Plaintiffs' Motion for Reconsideration Judges Decission [sic] and in the Alternative to Vacate Order of Dismisal [sic] (Doc. 4). On December 15, 2017, pro se Plaintiffs filed a "Verified Motion for Issuance of Emergency Temporary Restraining Order and Imposition to Permanent Injunction to Stay the Sale Scheduled for December 18, 2017" ("TRO") (Doc. 1). The TRO sought to have the Court restrain the foreclosure sale of Plaintiffs' home, which was scheduled for December 18, 2017. (Doc. 1).

After review, the Court denied the TRO because Plaintiffs failed to demonstrate a likelihood of success on the merits. (Doc. 3 at 2). Plaintiffs now seek reconsideration of that denial pursuant to Federal Rule of Civil Procedure 60. (Doc. 4 at 1).

Plaintiffs never filed a complaint in this case. Thus, when reviewing the TRO, the Court reviewed the complaint filed by Plaintiffs in case number 3:17-cv-1067-J-32JBT, which also has Wells Fargo and Select Portfolio Servicing as defendants.[1] (See Notice of Removal, Doc. 1 in case no. 3:17-cv-1067-J-32JBT). After denying the TRO, the Court also dismissed the complaint in 3:17-cv-1067-J-32JBT for failure to prosecute. (See Doc. 16 in case no. 3:17-cv-1067).

On December 15, 2017, the same day the Court denied the TRO, Plaintiffs filed a Notice of Appeal in their State foreclosure case. See Notice of Appeal, Wells Fargo Bank, N.A. v. Amocles Lafortune, et. al., no. 2016-CA-000934 (Fla. 4th Cir. Ct. Dec. 15, 2017). The appeal still requires payment of the filing fee or for Plaintiffs to file documentation of indigency. See Order, Lafortune v. Wells Fargo Bank N.A., no. 1D17-5321 (Fla. 1st DCA Dec. 20, 2017). Additionally, the underlying foreclosure sale, which Plaintiffs sought to restrain, occurred on December 18, 2017. (See Certificate of Sale, Wells Fargo Bank, N.A. v. Amocles

---

[1] Case 3:17-cv-1067 also has Bank of America N.A. listed as a defendant, but apparently they have yet to be served. (See Doc. 15 in case 3:17-cv-1067). Case 3:17-cv-1067 does not have Albertelli Law Firm as a defendant.

Lafortune, et. al., no. 2016-CA-000934 (Fla. 4th Cir. Ct. Dec. 18, 2017). Because Plaintiffs seek to restrain an action that has already occurred, this motion is moot.[2]

Accordingly, it is hereby

**ORDERED:**

Plaintiffs' Motion for Reconsideration Judges Decission [sic] and in the Alternative to Vacate Order of Dismisal [sic] (Doc. 4) is **DENIED as moot**. This case will remain closed.

**DONE AND ORDERED** in Jacksonville, Florida this 2nd day of January, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

jb
Copies to:

Counsel of record

---

[2] Plaintiffs claim that they are victims of fraud because they never knew that case 3:17-cv-1067 had been removed. (Doc. 4 ¶ 6). Even if Defendants did not properly serve the Notice of Removal (Doc. 1 in case 3:17-cv-1067) or Motion to Dismiss (Doc. 12 in case 3:17-cv-1067) on Plaintiffs, the Court mailed seven different Orders to Plaintiffs at the same address that Plaintiffs received Doc. 3 in this case. Thus, Plaintiffs' argument that they did not realize their case had been removed is unpersuasive.